**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRINA CRAWFORD, | : |
| Petitioner, | : Civil Action No. 10-2908 (ES) |
| v. | : O P I N I O N |
| WILLIAM HAUCK, et al., | : |
| Respondents. | : |

**APPEARANCES:**

Patrina Crawford, <u>Pro Se</u>
470900
Edna Mahan Correctional Facility
P.O. Box 4004
Clinton, NJ 08809

Stephanie Paige Davis-Elson, Assistant Prosecutor
Hudson County Prosecutor's Office
595 Newark Avenue
Jersey City, NJ 07306
Attorney for Respondents

**SALAS, District Judge**

Petitioner, Patrina Crawford, a prisoner confined at the Edna Mahan Correctional Facility in Clinton, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are William Hauck, the Administrator of the Edna Mahan facility, and the Attorney General of the State of New Jersey. Respondents have filed an answer, asserting as an affirmative defense that the petition is

time-barred. For the reasons stated herein, the petition will be dismissed, without prejudice, as time-barred.

## BACKGROUND

According to the petition, Petitioner pled guilty to first-degree robbery and two unrelated indictments, and was sentenced on December 5, 2003, in the Superior Court of New Jersey, Hudson County, to 20 years incarceration, with a 17-year parole ineligibility period. (Petition ¶¶ 1-3). Petitioner states that the sentence was affirmed by the Superior Court of New Jersey, Appellate Division ("Appellate Division"), and that her petition for certification to the New Jersey Supreme Court was denied in December 2005. (Pet. ¶¶ 8-11). However, according to the record of the case, the New Jersey Supreme Court denied certification on September 12, 2005. See State v. Crawford, 185 N.J. 265 (2005). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (Pet. ¶ 9(c)).

Petitioner filed a motion for post-conviction relief ("PCR") in the trial court. Respondents assert that the PCR motion was filed on March 14, 2007, and attach in the appendix to the answer the PCR motion, stamped "Rec'd & Filed Mar. 14, 2007." Petitioner did not date the motion herself. (Respondents' Exhibit ("RA") 13). The PCR motion was denied on February 14, 2008. The Appellate Division affirmed the denial of the PCR

motion, and the New Jersey Supreme Court denied certification on March 18, 2010. (Pet. ¶ 11).

Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on June 10, 2010. She was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) on July 8, 2010. An Order to Answer was issued, and on October 26, 2010, Respondents filed the answer and relevant state court record. On June 21, 2011, this case was reassigned to the undersigned.

In her habeas petition, Petitioner argues that she is entitled to habeas relief due to ineffective assistance of trial and appellate counsel. In their answer, Respondents argue that Petitioner's grounds for relief have no merit, and that the petition is untimely.

## DISCUSSION

### A. Pleading Standards

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United

States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B. **The Petition is Time-Barred**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). A petitioner's ability to pursue the writ of habeas corpus is subject to various affirmative defenses, including the defense that the petition is time-barred.

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

>the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending" for tolling purposes.

A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); Sup. Ct. R. 13.

To statutorily toll the limitations period pursuant to § 2244(d)(2), a state petition for post-conviction relief must be "properly filed." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (finding that state PCR petition rejected as untimely under state statute of

5

limitations was not "properly filed" for purposes of § 2244(d)(2)).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or

> her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. See Jones, 195 F.3d at 159 (citation omitted); see also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, the judgment against Petitioner was entered on December 10, 2003. Petitioner's direct appeal concluded on September 12, 2005, and the last date in which Petitioner could have petitioned the United States Supreme Court for certiorari would have been December 11, 2005. Thus, the conviction became "final" on that date. Petitioner had one year, or until December

10, 2006, to file an application for a writ of habeas corpus in this Court.

Petitioner did not file her PCR motion until March 14, 2007, well after her time period to file this habeas petition expired. Thus, the PCR motion did not serve to toll the time limitation in Petitioner's case. It is clear from her own admissions in the petition, and the record provided by Respondents that this petition is untimely.

As pled, Petitioner asserts no facts that would indicate that her petition should be equitably tolled. Accordingly, this petition must be dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find this Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

## CONCLUSION

For the reasons set forth above, the petition is dismissed. If Petitioner can demonstrate that her petition should be statutorily or equitably tolled, she may file a motion to reopen the case, setting forth her argument clearly and concisely, for this Court to consider. An appropriate order follows.

_____
ESTHER SALAS
United States District Judge

Dated: January 11, 2012